[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10260
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20693-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERVIN HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 13, 2019)

Before MARCUS, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Ervin Harris appeals his 110-month sentence for assaulting a federal officer with a deadly weapon and inflicting bodily injury, in violation of 18 U.S.C. § 111(a) and (b).  He argues that his sentence was both procedurally and substantively unreasonable because the district court failed to consider mitigating evidence related to the nature of his offense and his unique personal history, as indicated by 18 U.S.C. § 3553(a)(1).  After review,[1] we affirm.

Briefly, Harris's convictions arose out of an interaction with a Deputy U.S. Marshal and two U.S. Marshal Task Force Officers.  The officers engaged Harris and attempted to question him concerning the whereabouts of his half-brother.  In attempting to flee this encounter, Harris dragged two of the officers with his vehicle, resulting in various injuries to the officers.  Throughout his sentencing, Harris insisted that he had not intended to injure the officers; instead, he was triggered by the sight of the officers (who he claimed approached him with guns drawn) and reacted on impulse.

Turning first to the procedural reasonableness of Harris's sentence, because Harris did not object to his sentence on procedural grounds before the district court, we review his procedural claim only for plain error.  *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).  To establish plain error, Harris

---

[1] We review the final sentence imposed by the district court for reasonableness.  *United States v. Booker*, 543 U.S. 220, 264 (2005).

must show that an error occurred, the error was plain, it affected his substantial rights, and it seriously affected the fairness of the judicial proceedings. *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). An error is "plain" if controlling precedent from the Supreme Court or this Court establishes that an error occurred. *Id.*

The district court must consider the § 3553(a) factors, but it is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Instead, an acknowledgement by the district court that it considered the § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

Here, the district court expressly stated it had considered all of the statutory § 3553(a) factors. Thus, Harris has failed to show that the district court plainly erred in its analysis of the relevant § 3553(a) factors, notwithstanding his assertion that the district court failed to explicitly or meaningfully address the nature and circumstances of his offense, or his history and characteristics.

As to the substantive reasonableness of Harris's sentence, we consider the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must consider the totality of the circumstances, including the extent of any variance from the

3

guideline range.  *Id.*  The district court abuses its discretion if it: "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Here, Harris focuses on the first of these potential abuses of discretion, arguing the district court failed to afford adequate consideration to the nature and circumstances of his offense, and his personal history and characteristics.  He points to his criminal history, which he insists "was confined to a short period of time when he was facing significant personal hardship," and which included no "serious drug offenses or violent crimes."  He also contends the district court failed to consider that: (1) he had a significant and meaningful work history; (2) he had extraordinary support from his family; and (3) his actions in this case amounted to a "split second decision," not any real desire to injure the officers.

However, as noted above, the district court's failure to explicitly discuss the mitigating evidence Harris identifies is not itself error, nor does it indicate that the court "erroneously 'ignored' or failed to consider this evidence."  *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).  The district court's failure to mention specific mitigating factors at sentencing—here, the relative seriousness of Harris's criminal history, his work history, his family support, and his state of

mind during the commission of the subject offenses—does not compel the conclusion that the sentence was substantively unreasonable. *See United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010) (rejecting a defendant's argument that his conviction was substantively unreasonable because the sentencing judge did not specifically mention "his college education, his family, and his charitable activities").

Harris contends the district court improperly focused "nearly exclusively" on his prior criminal record—to the exclusion of the mitigating factors discussed above—in crafting its sentence. But the weight given to each factor in § 3553(a) is a matter committed to the sound discretion of the district court. *United States v. Barrington*, 648 F.3d 1178, 1204 (11th Cir. 2011).

Moreover, while we do not apply a presumption of reasonableness to sentences within the guideline range, we ordinarily expect such a sentence to be reasonable. *United States v. Stanley*, 739 F.3d 636, 656 (11th Cir. 2014). The district court here sentenced Harris at the low end of the guideline range, despite the government's request that he receive a high-end sentence of 137 months' imprisonment. Harris's 110-month sentence is also well below the applicable 240-month statutory maximum penalty under § 111(b), another indicator of the sentence's substantive reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). For these reasons, Harris has failed to show the

district court abused its discretion in sentencing Harris to 110 months' imprisonment.

Accordingly, we conclude that the district court's alleged failure to properly consider certain mitigating factors did not result in a procedurally or substantively unreasonable sentence, and we affirm.

**AFFIRMED.**